[No. 2786.   Decided February 5, 1898.]

THE STATE OF WASHINGTON *on the Relation of Will D. Jenkins, Secretary of State, Respondent,* v. EQUITABLE INDEMNITY ASSOCIATION OF WASHINGTON, *Appellant.*

NON–SUIT — SUFFICIENCY OF COMPLAINT — DEFECTS CURED BY PROOF — INSOLVENCY OF INSURANCE COMPANY — DISSOLUTION.

A motion for non-suit on the ground that the complaint failed to state a cause of action was properly denied, where there was no demurrer and the defect had been cured by the admission of proof without objection.

Where it appears that the available assets of a domestic insurance corporation consisted only of certain demand notes executed by its officers and $1.40 in cash, that there were unadjusted losses aggregating between twelve and thirteen hundred dollars, on which there was an admitted liability of $960, and that the company relied upon the payment of quarterly dues by its policy holders to meet such liabilities and to pay its current expenses, a finding that the company was insolvent, and a judgment decreeing its dissolution and appointing a receiver to wind up its affairs, is warranted by the evidence.

Appeal from Superior Court, Thurston County.—Hon. CHARLES H. AYER, Judge.   Affirmed.

*W. I. Agnew,* for appellant.

*Thomas M. Vance,* Assistant Attorney General, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was instituted by the state on the relation of the secretary of state for the purposes of the appointment of a receiver and the winding up of the affairs of the appellant corporation.   The appellant is a corporation of this state, and prior to the institution of this action the secretary of state, as *ex officio* insurance commissioner, had revoked its certificate of authority to do

business, pursuant to section 9, ch. 82, Session Laws 1895, p. 154 (Bal. Code, § 2813). The company has appealed from a decree dissolving the corporation and appointing a receiver to wind up its affairs.

The first error assigned is the ruling of the court which denied appellants motion for non-suit. It was urged in support of the motion that the complaint in the action did not show that the corporation was an insurance corporation and subject to the jurisdiction and control of the relator. There was no demurrer to the complaint, nor any objection to its sufficiency until the interposition of the motion for non-suit. At that time there was proof before the court showing conclusively that the appellant was an insurance corporation and subject to the laws of this state governing such corporations, and this proof was made by the appellant itself upon cross-examination of the deputy insurance commissioner. The court had before it at that time the certificate of incorporation, under the seal of the secretary, and also the certificate of the insurance commissioner showing that appellant had complied with the laws of the state "regulating and governing the transaction of insurance business in the state, etc.," for the years 1896 and 1897. The defect in the complaint was cured by the proof which was made without objection and by the appellant itself. The motion was properly denied.

There was no abuse of discretion upon the part of the trial court in the examination of appellant's witness, and we think that there was sufficient proof to sustain the finding that the appellant was insolvent within the meaning of the law under which it became the duty of the relator to institute this action for the revocation of appellant's charter. It appeared that the only available assets of the corporation consisted in certain demand notes executed by the officers of the company, and $1.40 in cash. The value

of the notes was not shown, but the proof showed that there were unadjusted losses aggregating about twelve or thirteen hundred dollars, and it was admitted that appellant's liability thereon would amount to $960. To meet·this liability, and such other losses as might arise upon outstanding policies, and to pay its ,current expenses, appellant relied upon the payment by its policy holders of quarterly dues. But whether the amount derivable from such source would be sufficient to enable it so to do is a matter of conjecture.

Upon the entire record we think the court was right in decreeing a dissolution of the corporation and appointing a receiver to wind up its affairs.

Affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.