[No. 4918.   Decided September 21, 1904.]

## H. W. Bonne *et al., Respondents,* v. Security Savings Society, *Appellant.*[1]

PLEADINGS—COMPLAINT—OBJECTION AT THE TRIAL.   An objection to a complaint made for the first time at the trial that it fails to state a cause of action, is too late to take advantage of technical defects that are capable of being cured by amendment.

DEDICATION—PLATS.   An alley fourteen feet wide between two adjoining plats of additions to a city, which is as definitely marked on the plats and described in the dedications as any of the streets which are wholly within either plat, is dedicated to the public use by the parties dedicating the plats of which it forms a part.

APPEAL—REVIEW—HARMLESS ERROR.   Rulings on the admission of evidence in a cause triable *de novo* on appeal are harmless.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 4, 1903, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, enjoining the obstruction of a public alley.   Affirmed.

*P. C. Shine* and *W. L. Husbands,* for appellants.

*Merritt & Merritt,* for respondents.

PER CURIAM.—In October, 1879, Samuel G. Havermale and wife platted the southeast quarter of the southeast quarter of section 18, in township 25 north, of range 43 east of the Willamette Meridian, into lots and blocks, calling the same Havermale's addition to Spokane Falls.   In December, 1881, J. N. Glover and others platted the southwest quarter of the southeast quarter of the section mentioned into like lots and blocks, calling the same the Resur-

[1]This case has not yet been reported in the Pacific Reporter.— REP.

vey and Addition to Spokane Falls. The plats, as recorded
and as marked upon the ground, showed an alleyway some
14 feet 6 inches in width between the most westerly tier
of lots in the Havermale addition, and the most easterly
tier in the Resurvey and Addition. The streets of the two
additions, while they conformed one to the other, and par-
alleled each other in their north and south courses, making
the alleyway of uniform width throughout, did not run
parallel with the dividing line between the tracts so platted.
The variation was such that the dividing line, when com-
pared with the course of the alley, ran diagonally across
it—that is, on the south end of the tracts, it was at the
southeast corner of the most easterly tier of blocks in the
Resurvey and Addition, while at the north end, it was at
the northwest corner of the most westerly tier of blocks in
the Havermale addition. This left a strip lying between
lot 1, in block 17, of the Resurvey and Addition, and the
dividing line between the two additions, of some 5.40 feet
in width at its north end and about five feet at its south
end. It is this tract that is in dispute in this action. The
respondent is the owner of lot 1, in block 17, and claims
the strip to be a part of the alleyway, and for the use of the
public, while the appellant contends that it was never
dedicated as an alleyway, and that it is the owner of it, by
virtue of a tax title and a quitclaim deed from the dedi-
cators of the Resurvey and Addition. The appellant sought
to enclose the tract, and this action was begun to enjoin it
from so doing. The trial court found that the tract had
been dedicated to the public as an alleyway, and entered a
decree accordingly.

The appellant first complains that the complaint fails to
state facts sufficient to constitute a cause of action. The
complaint consisted of three causes of action, each of which
was separately stated. To it the appellant took issue by

answer, both by denying its affirmative allegations, and pleading new matter in defense thereto. At the trial, when the respondents commenced the introduction of evidence, it, for the first time, made the objection. This, as we have repeatedly held, was too late to take advantage of any technical defect in the complaint; there must be a defect in substance, incapable of being cured by amendment, before courts will hold the complaint bad, when the objection to it is raised on the trial for the first time. The objections urged by the appellant against the sufficiency of the complaint before us are not matters of substance. At most they are but technical defects and omissions which can be cured by amendment, and will now, inasmuch as they were not suggested in time, be deemed corrected by amendment.

On the facts of the case, we think the evidence abundantly justifies the court's conclusion that the land in dispute was dedicated to the public use by the persons platting the subdivision of which it forms a part. This alleyway was just as definitely marked on the recorded plat as were any of the streets or alleyways shown thereon, and was just as definitely described in articles of dedication. It would seem that this could not be held to remain the private property of the dedicators, without holding every street and alley in the entire addition to be such. Manifestly such a holding would be absurd.

The appellant has raised numerous questions going to the admission and exclusion of evidence. Owing to the fact that the case was tried by the court without a jury below, and is triable *de novo* here, many of these objections are not pertinent, but such as seem to be we have examined, and do not find that they require a reversal of the case. To discuss them further, or to discuss other objections raised, would only unduly extend this opinion with no practical benefit.

Judgment affirmed.