[No. 10112.  Department Two.  June 14, 1912.]

FRANK KLAIN, *Respondent*, v. N. G. KAUFMAN, *Appellant*.[1]

PARTNERSHIP—EXISTENCE—ADVANCES FOR SHARE OF PROFITS—EVI-
DENCE—SUFFICIENCY.  A partnership is not shown where it merely
appears that one agreed to advance the cost of operating a business
belonging to another, in consideration of one-half the net profits, if
any, the advances to be returned in any event.

APPEAL — PRESERVATION  OF  GROUNDS — OBJECTIONS — VARIANCE.
Error cannot be predicated upon a variance, where no objection was
made to the admission of the evidence and the point was not sug-
gested below.

Appeal from a judgment of the superior court for Che-
halis county, Sheeks, J., entered April 24, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on contract.  Affirmed.

*J. C. Cross*, for appellant.

*Boner & Boner*, for respondent.

FULLERTON, J.—This is an action for personal services,
and for the value of certain farm products.  In his com-
plaint, for a first cause of action, the plaintiff alleged that
the defendants Buttner and Kaufman were partners, en-
gaged in the logging business, and that, between January 1,
1910, and August 1, 1910, he performed services for them
as foreman of their logging camp at the agreed price and
value of $1,055, no part of which had been paid.  For
a second cause of action he alleged that, during the time
the defendants were operating their logging camp he fur-
nished, at their special instance and request for the use of
such camp, butter, milk and vegetables, of the value of
$374, which were likewise unpaid for.  No services of process
was had upon Buttner, and he did not appear in the action.
Kaufman appeared and filed an answer in which he denied

[1]Reported in 124 Pac. 213.

generally all the allegations of the complaint, and alleged
affirmatively that, between January 1, 1910, and January
28, 1911, he advanced for the plaintiff's use "in his logging
scheme or business" the sum of $10,952.84 of which there
had been repaid him the sum of $708.28 leaving a balance
due and owing of $10,244.56 for which sum he demanded
judgment against the plaintiff. A reply was filed putting
in issue the affirmative allegations of the answer. On the
issues made, a trial was had before the court sitting with a
jury, which resulted in a verdict and judgment against Kauf-
man personally in the sum of $1,279.20. This appeal is
from the judgment so entered.

But one question is suggested by the appellant, namely,
the regularity of the verdict and judgment. It is contended
that the evidence on the part of the plaintiff followed the
allegations of his complaint and tended to show that the
defendants were partners conducting the logging business
as a partnership; and that, if either of them was liable for
the plaintiff's wages and the advancements made to the
logging camp, both of them were liable; hence the verdict
and judgment should have been entered against both of the
defendants, to be satisfied out of the partnership property
of both of them and the separate property of the defendant
served.

But we cannot agree with the appellant as to the effect
of the evidence. As we read the record, there is little or no
evidence on the part of either the plaintiff or the defendant
that a partnership relation ever existed between Buttner
and Kaufman. On the contrary, the evidence of both sides
is to the effect that Kaufman, instead of being a partner
of Buttner's, succeeded to Buttner's interests by assignment
from Buttner; that the agreement concerning the business
was first entered into between Klain and Buttner and that
Kaufman afterwards purchased Buttner's interest and as-
sumed Buttner's obligations under the contract. The real
contest between the parties was over the terms of the con-

tract. Klain insisted that the business was first Buttner's, then Kaufman's, and that he was an employee first of the one and then of the other, at a wage of five dollars per day with the right to receive one-half of the net profits of the business after all the expenses were paid; while Kaufman insisted that the business was Klain's, and that he simply agreed to advance the cost of operating the business in consideration of one-half the net profits of the business should any profit accrue, but his advancements were to be returned nevertheless. The jury accepted Klain's version of the agreement, and since that version is supported by substantial evidence, it is of course conclusive upon us here.

It is manifest from the foregoing that the verdict is in accord with the real issue, and the issue that was actually tried out to the jury, and hence is not subject to be set aside because not in accordance with the facts. It has seemed to us that the real question is whether there was a variance between the allegations of the complaint and the proofs of the plaintiff, but this question we shall not discuss as it was clearly waived by the defendant. Not only did he fail to suggest it at the trial, but he permitted the evidence of the real relations of the parties to be submitted to the jury without objection, and he is now bound by their verdict.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and ELLIS, JJ., concur.