[No. 10680.  Department One.  October 26, 1912.]

J. M. Said *et al.*, *Respondents*, v. Twin City Light & Traction Company, *Appellant*.[1]

Appeal—Preservation of Grounds—Objections to Pleadings. A reply denying "each and every material allegation" of an affirmative defense, will be considered sufficient on appeal, where no objection or motion to make more specific was made below and it was there treated as sufficient before verdict.

Street Railways—Collision—Persons in Street—Contributory Negligence. Whether it was contributory negligence for plaintiff, who had one arm in a sling, to lead a horse behind a buggy, along a narrow street on which street cars were operated, depends upon the character of the horse, and where the horses were gentle and not usually frightened by street cars, the question was for the jury.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 5, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a person in a buggy through the negligent operation of a street car. Affirmed.

*Forney & Ponder*, for appellant.

*C. A. Studebaker* and *W. A. Reynolds*, for respondents.

Mount, C. J.—Action for personal injuries. The plaintiffs recovered a judgment against the defendant on the verdict of a jury in the court below. The defendant has appealed.

Two points are urged here, to the effect (1) that the plaintiffs' reply to the answer alleging contributory negligence is not sufficient, and (2) that the plaintiff, J. M. Said, was negligent as a matter of law. For these reasons it is contended that the trial court erred in denying the motion for a directed verdict. The answer of the defendant, after denying the allegations of the complaint, alleged:

"As a separate, further, and affirmative defense to the cause of action attempted to be set up in the complaint, de-

[1]Reported in 127 Pac. 191.

fendant avers the facts to be that any injury sustained by plaintiff, if any, as alleged in the complaint, was the result of his own carelessness and negligence, and not that of the defendant."

Plaintiff, by way of reply, denied "each and every material allegation of said affirmative defense." No motion was made to make the reply more specific, nor for judgment upon the pleadings; and the motion for a directed verdict was not based upon the fact that the reply admitted the facts pleaded in the affirmative answer. All through the trial the reply was treated as a complete denial of the affirmative matter in the answer. The plaintiffs, no doubt, intended to deny the facts pleaded in the affirmative answer, and if their reply was not sufficient for that purpose, the court, no doubt, would have permitted an amendment, if any question had been made upon the sufficiency of the reply. We think the reply should now be treated as sufficient, or that defendant has waived the question by treating the reply as sufficient, and by not raising the question before a verdict. *Ritchie v. Carpenter*, 2 Wash. 512, 28 Pac. 380, 26 Am. St. 877.

It is next argued that plaintiff, J. M. Said, was guilty of contributory negligence. Without going fully into the facts, it is sufficient to say that the plaintiff was leading a horse behind a light buggy or sulky, along a narrow street upon which the defendant was operating a street car. The plaintiff had an injured arm which he carried in a sling. He was leading the horse with the well arm. His son was driving the buggy. The street car came toward them at an excessive rate of speed. The horse drawing the buggy became frightened. The motorman saw the plaintiff's plight some distance away, and when signalled to stop his car did not do so, but bore down upon the frightened horse with the gong clanging, and as a result the plaintiff was injured. The evidence also tended to show that the horses were quite gentle and accustomed to street cars and were not usually frightened by them. It is claimed by the appellant that it was negligence

for the respondent to attempt to lead a horse behind the buggy when he had an injured arm. This depended entirely upon the character of the horse and was, we are satisfied, a question strictly for the jury.

We find no merit in the questions presented, and the judgment is therefore affirmed.

PARKER, CROW, GOSE, and CHADWICK, JJ., concur.