[No. 11086.   Department Two.   August 26, 1913.]

TIM KELLY, *Appellant*, v. BURTON O. LUM, *Respondent.*[1]

PLEADINGS—OBJECTIONS—WAIVER — AMENDMENTS TO CONFORM TO PROOF.  Objection that an affirmative answer does not state sufficient facts to constitute a defense, is waived and the answer deemed amended to conform to proofs, where the defects were amendable and the objection was first made at the trial after the proofs had been taken.

SALES—BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY.  The evidence justifies a finding that fruit trees sold were defective, where none of them sprouted when planted and cared for in the same manner as other trees of which 95 per cent lived and grew.

SALES—IMPLIED WARRANTY—NURSERY TREES.  Upon a sale of nursery trees, there is an implied warranty that they are reasonably fit, true to name, and will germinate and grow.

APPEAL—REVIEW—VERDICT.  A verdict will not be set aside on appeal if there is evidence which tends to support it.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered June 12, 1912, upon the verdict of a jury rendered in favor of the defendant, in an action on contract.  Affirmed.

*Thos. H. Wilson* and *W. B. Clark*, for appellant.

*Floyd Hatfield*, for respondent.

FULLERTON, J.—The appellant brought this action against the respondent to recover the sum of $126, alleged to be due as the purchase price of some nine hundred fruit trees, theretofore sold to the respondent at the agreed price of $14 per hundred.   To the complaint, the respondent answered, admitting the purchase from the appellant of some one thousand Jonathan apple trees at the agreed price of $12.50 per hundred, and that he had not paid for the same.   Further answering by way of an affirmative defense and counterclaim, he alleged that the trees were purchased upon the representa-

[1]Reported in 134 Pac. 819.

tions of the appellant that they were grafted Jonathan apple trees, technically known as 4s-6s, were true to name, sound, healthy and merchantable, and in every way fit and proper trees for the purpose of setting out and growing an apple orchard; that the respondent, believing the representations of the appellant, received the trees and planted the same according to the rules of good husbandry, and cultivated and cared for the same after planting; that, through the negligence of the appellant, the trees were, when delivered by him and received by the respondent, defective, unsound, diseased, and unfit for orchard purposes, and were not according to the representations of the appellant; that their condition was not apparent on inspection; that, by reason of their defective and diseased condition, the trees failed to live and grow, and the respondent was, because thereof, compelled to dig them up and replant the land to other trees, to his damage in the sum of $1,250. The affirmative allegations in the answer were put in issue by a reply. The cause was tried to a jury, which returned a verdict in favor of the respondent for the sum of $287.50. From the judgment entered thereon, this appeal is prosecuted.

The appellant complains of the sufficiency of the affirmative allegations in the answer, contending that they do not state facts sufficient to constitute a defense to the matters set forth in the complaint. The defects complained of are, however, amendable defects, and were raised for the first time at the trial, after the jury had been empaneled and sworn and after the appellant had introduced his affirmative proofs. The trial court, under the circumstances, treated the answer as sufficient, and we shall treat it in the same manner. Objections to technical defects in pleadings, or defects that can be cured by amendment, if they are to avail the objector, must be raised prior to the time the cause is brought on for trial. As we said in *Bonne v. Security Sav. Society*, 35 Wash. 696, 78 Pac. 38:

"The appellant first complains that the complaint fails to
state facts sufficient to constitute a cause of action. The
complaint consisted of three causes of action, each of which
was separately stated. To it the appellant took issue by an-
swer, both by denying its affirmative allegations and pleading
new matter in defense thereto. At the trial, when the re-
spondents commenced the introduction of evidence, it, for the
first time, made the objection. This, as we have repeatedly
held, was too late to take advantage of any technical defect
in the complaint; there must be a defect in substance, incap-
able of being cured by amendment, before the courts will
hold the complaint bad, when the objection to it is raised on
the trial for the first time. The objections urged by the ap-
pellant against the sufficiency of the complaint before us are
not matters of substance. At most they are but technical
defects and omissions which can be cured by amendment, and
will now, inasmuch as they were not suggested in time, be
deemed corrected by amendment."

See, also, *State ex rel. Jenkins v. Equitable Indemnity Ass'n*,
18 Wash. 514, 52 Pac. 234; *Wappenstein v. Aberdeen*, 39
Wash. 189, 81 Pac. 686; *Johnson v. Ryan*, 62 Wash. 60, 112
Pac. 1114; *Walsh v. Meyer*, 40 Wash. 650, 82 Pac. 938.

It is next said that the evidence is insufficient to justify
the verdict. But we think the evidence ample. Of the thou-
sand trees purchased, not one of them even so much as sprout-
ed, although they were planted and cared for in the usual
manner, and in the manner trees purchased from other
nurseries and planted in the same soil and at the same time
were cared for, ninety-five per centum of which lived and grew.
Indeed, the evidence leaves no doubt that the trees, prior to
their delivery, had been subjected to some condition which
destroyed their life.

The general rule is that, on a sale of nursery trees for
planting, there is an implied warranty that the trees are
reasonably fit for the purpose for which they are purchased;
that they are true to name, and will germinate and grow. In
other words, they are warranted to be free from defects aris-
ing from negligent cultivation or handling. Each case de-

pends, of course, somewhat upon its own circumstances, but the foregoing is the rule where the article sold is of such a character that the purchaser cannot know all of the conditions to which it has been subjected, but must rely as to that upon the representation of the vendor. Here the evidence shows that the vendee made known to the vendor the character of trees desired and the purpose for which they were intended; that the vendor claimed to have such trees, and, on the vendee's order, sent to him the trees here in question. We think, unquestionably, there was an implied warranty that the trees had not been so far maltreated as to prevent them from growing.

It is further claimed that the evidence does not justify the damages awarded to the respondent by the jury, but there was evidence before them which justified the finding if believed by them. This satisfies the rule. The trial judge may grant a new trial if he is not satisfied that the jury found with the weight of the evidence. But this court has no such power. We must be content if there is evidence which tends to support the verdict.

The remaining errors assigned require no special consideration. The judgment is affirmed.

Crow, C. J., Morris, Main, and Ellis, JJ., concur.