[No. 12149.  Department One.  December 22, 1914.]

W. W. YEISLEY, *Respondent*, v. W. B. SMITH, *Appellant*.[1]

APPEAL—REVIEW—AMENDMENTS—PRESUMPTIONS.  Where a case proceeded to trial upon a complaint, answer and an affirmative defense undenied by a reply, without any objection or motion by the defendant, the supreme court will treat the issues as the parties have made them and, as required by Rem. & Bal. Code, § 1752, deem all defects in the pleadings cured that could have been cured by amendment, and decide the case on the merits.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered February 14, 1914, upon findings in favor of the plaintiff, in an action to cancel a mortgage, tried to the court.  Affirmed.

*John Truax*, for appellant.

*G. E. Lovell*, for respondent.

CHADWICK, J.—Plaintiff purchased certain lands of the defendant for a stated consideration of $8,045, making a cash payment of $300, and assuming as a part of the purchase price, two mortgages, taxes, interest and other charges. Thereafter plaintiff undertook to pay the whole amount due. The parties did not agree as to the exact amount owing, and after certain correspondence and an allowance of a claimed credit of $192, plaintiff forwarded to defendant the sum of $249.45 in full payment.  He thereafter demanded a release of the mortgage held by defendant, which was refused.

Defendant, by way of affirmative defense, claimed that there was still due the sum of $192, with interest.  To this answer, plaintiff made no reply.  The court found that the parties had made full settlement; that the item $192 had been considered; that the parties had drawn an account showing that sum as a credit and that both parties had agreed to it, after a true statement of the account then existing between them, and that, when agreed upon, it had been signed by them in

[1]Reported in 144 Pac. 918.

writing. The conclusion of the court is sustained by competent testimony.

It is contended, under the authority of *Smith v. Ormsby*, 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110, that the undenied answer stands as a finding of the court. This case, however, falls within a long line of decisions holding that, where a case has proceeded to judgment, we will not consider any defect in the pleadings that might have been cured by amendment, but will, as admonished by Rem. & Bal. Code, § 1752 (P. C. 81 § 1255), decide the case on the merits, disregarding all technicalities, and consider all amendments which could have been made as made.

If defendant had made timely objection in the court below by a motion for a judgment on the pleadings or by objection to the introduction of testimony, the court would, no doubt, have directed the filing of a reply, just as it would have directed an amendment in furtherance of justice. The case was tried out on its merits as if an issue had been formally joined.

We said in *Kelly v. Lum*, 75 Wash. 135, 134 Pac. 819, 49 L. R. A. (N. S.) 1151:

"Objections to technical defects in pleadings, or defects that can be cured by amendment, if they are to avail the objector, must be raised prior to the time the cause is brought on for trial."

In *Said v. Twin City Light & Traction Co.*, 70 Wash. 585, 127 Pac. 191, a reply denying "each and every material allegation of said affirmative defense" was filed. A denial in this form has been held to be no denial by this and other courts. It was contended that the reply was insufficient and did not raise an issue for the jury. We said:

"No motion was made to make the reply more specific, nor for judgment upon the pleadings; and the motion for a directed verdict was not based upon the fact that the reply admitted the facts pleaded in the affirmative answer. All through the trial the reply was treated as a complete denial

of the affirmative matter in the answer. The plaintiffs, no doubt, intended to deny the facts pleaded in the affirmative answer, and if their reply was not sufficient for that purpose, the court, no doubt, would have permitted an amendment, if any question had been made upon the sufficiency of the reply. We think the reply should now be treated as sufficient, or that defendant has waived the question by treating the reply as sufficient, and by not raising the question before the verdict."

In *Gaskill v. Northern Assurance Co.*, 73 Wash. 668, 132 Pac. 643, we said:

"It would be an idle formality to remand this cause for amendment of the complaint and a retrial upon the same evidence now before us to the end that a formal decree . . . be entered . . . No prejudice having been shown, and substantial justice having been done, the judgment is affirmed."

Other cases bearing upon and sustaining our conclusion are *Winston v. Terrace*, 78 Wash. 146, 138 Pac. 673, where many of our decisions are collected and cited as authority. See, also, *Klain v. Kaufman*, 69 Wash. 35, 124 Pac. 213; *Arrowsmith v. Nelson*, 73 Wash. 658, 132 Pac. 743; *Howard v. Washington Water Power Co.*, 75 Wash. 255, 134 Pac. 927; *Gold Ridge Min. & Dev. Co. v. Rice*, 77 Wash. 384, 137 Pac. 1001.

We can mark no distinction between these cases and the one at bar. In law there can be no distinction between a reply that does not deny in form, and the want of a reply where the parties have submitted an issue to the trial court and invoked and obtained its judgment.

Affirmed.

CROW, C. J., GOSE, MORRIS, and PARKER, JJ., concur.