[No. 19381.  Department One.  December 22, 1925.]

FRANK HAMILTON *et al.*, *Respondents*, v. SOPHIA
JOHNSON *et al.*, *Appellants*.[1]

[1] PLEADING (199)—DEFECTS AND OBJECTIONS—COMPLAINT FAILING
TO STATE CAUSE OF ACTION—WAIVER.  Objection to the sufficiency
of a complaint comes too late when first made after issue joined,
unless the defect was one of substance that could not be cured
by amendment; in view of Rem. Comp. Stat., § 236, providing
that, if objection is not taken by answer or demurrer, the de-
fendant shall be deemed to have waived the same, excepting
only the objection that it does not state facts sufficient to state
a cause of action.

[2] APPEAL (389)—REVIEW—AMENDMENTS REGARDED AS MADE.  After
trial on the merits, in which the defendant had every opportunity
to present the defense, the complaint will be deemed to have
been amended to state the cause of action proved.

[3] PARTNERSHIP (4)—RELATION—CREATION AND REQUISITES—SUBJECT
MATTER AND PURPOSE.  Where, upon the death of a partner in
an undertaking business, the business was continued as the
business of the partnership estate, conducted by the surviving
wife as administratrix with the surviving partner as manager,
the relation existing between them was in the nature of em-
ployer and employee, rather than that of partnership.

[4] TENANCY IN COMMON (1)—PROPERTY SUBJECT AND CREATION OF
COTENANCY.  Real estate is held as tenants in common and not
as partners, and is subject to partition without a partnership
accounting, where, on the death of a partner, the surviving
wife and partner formed a corporation, each taking one-half of
the capital stock, to carry on the business, and thereafter pur-
chased the real estate on which the business was conducted,
taking title in their individual names and charging one-half
of the purchase price on the corporation books to each, as
money withdrawn.

[5] PARTITION (5)—RIGHT OF ACTION—COTENANCY.  A tenant in
common has an absolute right to a partition, in the absence
of an agreement to hold the property for a definite and fixed
time.

[6] TENANCY IN COMMON (4-1)—MUTUAL RIGHTS—POWER TO CONVEY
INTEREST—LEASES.  A term lease by one of two tenants in com-

[1]Reported in 241 Pac. 672.

mon confers no rights in the lessee as against the non-consenting tenant, and does not entitle the lessee to intervene in such tenant's action for a partition.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 27, 1925, upon findings in favor of the plaintiffs, in an action for partition, tried to the court. Affirmed.

*Carl J. Smith* and *H. E. Foster,* for appellants.

*Wingate & Benz,* for respondents.

Fullerton, J.—This suit was instituted as a suit for the partition of real property. It is alleged in the complaint that the respondent, Hamilton, as a community, and the appellant Johnson, a widow, are the owners, as tenants in common, of the property sought to be partitioned; the community, on the one part, and Johnson, on the other, each owning an undivided half thereof. It was further alleged that the property is so situated that partition in kind cannot be made without great prejudice to the respective owners. The prayer of the complaint is in the alternative. It is asked, first, that the property be divided according to the respective rights of the parties, if the court finds that it can be so divided without prejudice to their respective rights; or, if the court does not so find, that the property be sold and the proceeds of the sale be so divided.

The appellant Johnson, answering the complaint, admitted that she, together with the respondent, owned the described property in fee, but denied that they owned it as tenants in common. By a separate answer and cross-complaint, she alleged that they owned the property, with other property, as copartners, that no accounting of the partnership had been had, and that no partition or division of the partnership property could be made, or their respective rights therein determined, until such an accounting was had. The

prayer of her answer is that an accounting be had, and that the court render such a decree in the cause as it should find meet and equitable upon the accounting.

After issue had been joined, the appellant Johnson & Hamilton, a corporation, was allowed to file a complaint in intervention. In its complaint, it alleged that it had a leasehold interest in the property. The prayer of its complaint was also for general equitable relief.

Issue was joined on the affirmative matters set forth in the answer of Mrs. Johnson, and the allegation of the intervener's complaint, which the lower court, after a trial, determined. As between the respondents and the appellant Johnson, it found that they owned the property as tenants in common, and not as copartners; found that the respondents were entitled to a partition thereof; found that the property could not be partitioned between the parties in kind, without great prejudice to the respective owners; and found that the appellant was not entitled to relief under her cross-complaint. As between the respondents and the intervener, it found that the intervener had not "established its right to any relief whatever under the allegations of its complaint."

In its decree, entered pursuant to its findings, the court dismissed both the cross-complaint and the complaint in intervention; ordered that the real property be sold, on terms and conditions which it prescribed in its order; and appointed a referee for the purpose of making the sale; vested the referee with authority to execute the order, and provided that he should make due return to the court as to the manner in which he executed his trust. Both Mrs. Johnson and the intervener appeal from the decree.

[1] The appellants assign error on the refusal of the court to sustain their challenge to the sufficiency of the complaint. This question was raised for the first

time after issue had been joined, and after the cause
had been called for trial by an objection to the intro-
duction of evidence. The objection came too late. The
code provides (Rem. Comp. Stat., § 263) that, if no
objection to the complaint be taken, either by demurrer
or answer,

". . . the defendant shall be deemed to have waived
the same, excepting always the objection that the court
has no jurisdiction, or that the complaint does not state
facts sufficient to constitute a cause of action, which
objection can be raised at any stage of the proceedings,
either in the superior or supreme court."

This statute has been upon the statute books sub-
stantially in its present form since the first session of
the territorial legislature of 1854. See Laws of 1854,
p. 139. The first of these objections, that the court
has no jurisdiction, is still in full force and effect, but
it neither adds to nor restricts the powers of the court.
A judgment entered without jurisdiction is a nullity,
and no court, whether it be the court of original or of
appellate jurisdiction, will continue an action or pro-
ceeding where it is made to appear to it that it is with-
out jurisdiction.

The second of the provisions has been much modified
and limited by subsequent statutes. Those most perti-
nent of these are the statutes relating to amendments
of pleadings. Now a party may amend his pleadings,
when attacked in the superior court, almost as a matter
of course; and this court, in considering an appealed
cause, is admonished to disregard all technicalities,
and "consider all amendments which could have been
made as made." It is, of course, at once apparent that,
if the provision of the statute under consideration is to
be given its apparent literal meaning—if, in other
words, a complaint may be searched for any sort of
defect at any stage of the proceedings—the benefit of

the provision of these amendatory statutes will, in many instances, be denied the litigant. It is undoubtedly still the rule that, if the complaint shows upon its face that the plaintiff has no cause of action and under no circumstances can have a cause of action, the court will stay the action at the earliest time the matter is brought to its attention. But technical defects, or defects that can be cured by amendment, can avail the objector only in the case he raises the objection either by motion or demurrer before he enters upon the trial. These rules have been repeatedly announced by this court. In *Bonne v. Security Savings Society*, 35 Wash. 696, 78 Pac. 38, we said:

"The complaint consisted of three causes of action, each of which was separately stated. To it the appellant took issue by answer, both by denying its affirmative allegations, and pleading new matter in defense thereto. At the trial, when the respondents commenced the introduction of evidence, it, for the first time, made the objection. This, as we have repeatedly held, was too late to take advantage of any technical defect in the complaint; there must be a defect in substance, incapable of being cured by amendment, before courts will hold the complaint bad, when the objection to it is raised on the trial for the first time. The objections urged by the appellant against the sufficiency of the complaint before us are not matters of substance. At most they are but technical defects and omissions which can be cured by amendment, and will now, inasmuch as they were not suggested in time, be deemed corrected by amendment."

In *O'Day v. Ambaum*, 47 Wash. 684, 92 Pac. 421, 15 L. R. A. (N. S.) 484, we said:

"Bal. Code, § 4911 (P. C. § 378), provides that the objection that the complaint does not state facts sufficient to constitute a cause of action can be made at any stage of the proceedings. This court, however, has held that a defendant's failure to interpose a demurrer

to a complaint, followed by an objection to its suffi-
ciency made for the first time at the trial, will cause
the court, in passing upon such objection, to bring to
the support of the complaint every reasonable intend-
ment and legitimate inference that may be drawn from
its allegations, and also from the evidence adduced to
sustain the plaintiffs' cause. If, on an application of
this test, it appears that the defect in the plaintiffs'
complaint and cause of action is one of substance which
cannot be cured by amendment or evidence, then it is
the duty of a trial court to sustain the objection and
dismiss the action.''

To the same effect are *Kelly v. Lum,* 75 Wash. 135,
134 Pac. 819, 49 L. R. A. (N. S.) 1151, and *Yeisley v.
Smith,* 82 Wash. 693, 144 Pac. 918.

In this instance the complaint was not as full in state-
ment as good pleading required, and was subject to a
motion to make it more definite and certain, and pos-
sibly to a general demurrer. But there was in it the
substance of a good cause of action, and its defects
were capable of cure by amendment. Under the rule
of the cases cited, however, the defendant waived its
right to complain of the defects by answering over and
intervening upon the trial.

[2] There was, moreover, no prejudice shown. The
action was tried as if upon a sufficient complaint, in
which trial the defendant was given every opportunity
to present her defense. The rule of the statute requir-
ing this court to consider all amendments which could
have been made as made, is, therefore, applicable.

To an understanding of the contention that the prop-
erty sought to be partitioned is property owned in
partnership, rather than as tenants in common, re-
quires a further statement of the facts. It appears
that, for a number of years prior to August 20, 1920,
the respondent Hamilton and the husband of the appel-

4—137 WASH.

lant were partners, doing an undertaking business, under the name of Johnson & Hamilton. The business, for the later years the partnership continued at least, was conducted on the property here in question under a lease from its owner. The business had been prosperous. At the time the partnership was dissolved by the death of Johnson, it owned the equipment in the leased business, had a number of outstanding accounts, had some six thousand dollars cash on hand, and owed no debts. Johnson died on the date given, and shortly thereafter the appellant Johnson was appointed administratrix of the partnership estate. There were heirs to the estate of Johnson other than the appellant, but these, shortly after her appointment as administratrix, conveyed their interests to the appellant.

After the death of Johnson, the business was continued under the old partnership name, the respondent Hamilton assuming the principal management, although the appellant assisted at such times as her assistance was found necessary. There was no agreement between the parties as to the conduct of the business after the death of Johnson, but it is inferable from the evidence that they conducted it as the business of the partnership estate. The business was continued in this manner until the end of the year 1922, when a corporation was formed by Mr. Hamilton and Mrs. Johnson to take over the business. To this corporation, Mrs. Johnson conveyed all of the partnership estate, except the uncollected accounts, each of the incorporators taking an equal number of shares of the corporation's capital stock. The record does not show directly whether all of the shares were thus divided or not, but it is inferable from subsequent matters shown that there were a few shares taken by a third

person.   On the formation of the corporation, Mr. Hamilton was elected president and manager, and commencing with January 1, 1923, the business was conducted by and in the name of the corporation.

The real property here in question was the property on which the business was conducted, and was purchased on August 1, 1923.   The deed thereto was taken in the name of Sophia Johnson and Frank Hamilton, the individual appellant and the respondent in this action.   The consideration for the conveyance was the assumption of a mortgage on the premises by the purchasers in the sum of $10,500, and a cash payment of $9,500.   The cash was paid from the assets of the corporation, one half of the purchase price being charged on the books of the corporation to each of the parties as money withdrawn by them respectively.

[3]   The argument is that the legal relation of the individual appellant and the respondent between the time of the death of appellant's husband was that of a partnership; that this partnership survived the formation of the corporation, rendering their interests therein partnership property; and that, since the land was purchased with assets taken from corporation funds, it is also partnership property, and is not subject to partition under the statutes authorizing the partition of property held by tenancy in common.

But we have difficulty in following the argument. If it were necessary to define the legal relationship existing between the parties prior to the formation of the corporation, we would rather conclude that it was in the nature of employer and employee than that of partnership; that is to say, the business was the business of the partnership estate, conducted by the appellant as administratrix thereof, of which the respondent acted as manager.

[4]　But whatever the legal relationship of the parties may have been prior to the formation of the corporation, it was changed by that transaction. Subject to possible debts and the expenses of administration, each of the parties was entitled to a distribution of one half of the estate. The estate was then divided; irregularly, it may be, because not with the authority of the probate court, but validly, nevertheless, as between the parties. Thereafter they stood with relation to their property as all stockholders in a corporation stand. The money they withdrew from the assets of the corporation was, as between themselves, their individual money, and when they invested it in the real property involved, they invested it as individuals; and, in the absence of an agreement to hold it in some different capacity, they became tenants in common of the property.

[5]　It is argued that the plaintiff has shown no right to a partition. We think otherwise. He has shown ownership as a tenant in common with the defendant. The right of partition by a tenant in common of real property is absolute, in the absence of an agreement to hold the property in such a tenancy for a definite and fixed time. Inconvenience of the other owners, or a depreciation in value of the interests by a partition, is not a defense.

[6]　The appellant corporation contends that it has a term lease on the property, and that its rights were not protected by the order of partition. But we do not find that the evidence justifies the contention. It had, it is true, a five-year lease on the property, executed by the appellant Johnson, on her own behalf and on behalf of the respondent Hamilton. The lease was evidently executed on the assumption that the property was partnership property, and that she could, as one of the partners, make a binding lease on behalf of the

other. But in this assumption she was mistaken. Her act, however much it may be binding upon her own interests, did not bind her co-tenant. As to him, the lease conferred no rights in the corporation to the property which will prevent partition between the owners, and the court did not err in refusing to recognize the lease.

The decree is affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and MACKINTOSH, JJ., concur.