[No. 551.   Decided November 23, 1892.]

## ADAMANT PLASTER MANUFACTURING COMPANY, *Appellant*, v. NATIONAL BANK OF COMMERCE, *Respondent*.

CONTRACTS — AMBIGUITY — PAROL PROOF — EVIDENCE OF CUSTOM — COMPENSATION FOR EXTRAS.

In an action to foreclose a mechanic's lien for plastering a certain building with adamant under a contract providing that "the brick walls will receive two coats of adamant plaster and will be made straight and plumb," it was shown that the walls were very irregular and considerably out of plumb, more so than usual in such buildings, and that they would require in places plastering of the thickness of two and three inches to make them straight and plumb, while the extreme thickness of two coats of adamant plaster was but five-eighths of an inch; that the parties knew at the time of drafting the contract that two coats of adamant plaster could not be so applied as to make the walls straight and plumb. *Held*, That the parties intended that the excessive irregularities in the brick wall should be filled up before the application of the two coats of adamant, and the contract not specifying the material to be used for such filling, is to that extent ambiguous and uncertain, and parol proof is admissible to show that it was the understanding and agreement between the parties that the filling required before the application of the two coats of adamant plaster was to be of common lime mortar.

Such contract being ambiguous, proof of a custom to fill in irregularities in brick walls with lime mortar before applying adamant plaster is admissible to explain the ambiguity.

Where a contract contemplates that irregularities in a brick wall shall be filled with common lime mortar before applying coats of adamant plaster, and under a supplemental contract such irregularities are filled with adamant, extra compensation can be recovered only for the difference between the cost of the two.

*Appeal from Superior Court, Pierce County.*

*Heilig & Hartman,* for appellant.

*Crowley & Sullivan,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff and defendant entered into a contract in writing, which was substantially as follows:

"This memorandum of agreement, made this thirteenth day of August, 1890, witnesseth: That we, the undersigned, agree to and with the National Bank of Commerce, a corporation of the city of Tacoma, Washington, to plaster with adamant plaster their new building situated on the northeast corner of Pacific avenue and Thirteenth street, in the city of Tacoma, Wash., for the sum of thirty-five cents per yard of actual wall plaster, leaving out all openings, such as doors, windows, wainscoting, etc. The brick walls will receive two coats of adamant plaster and will be made straight and plumb. All the inside partitions will receive one coat of adamant plaster. All the plastering must be plumb, straight and all angles must be cut. All the plastering must be brushed and floated to the entire satisfaction of the architect. The ceiling of the banking room must be run at one time so as to avoid joints and be of a uniform color. All the banking room will be furred and lathed, and all of the plastering must be of extra fine finish so as to receive the decoration which is to be painted on said walls.

"We are to furnish all labor and materials and scaffolding for the above mentioned work, and we bind ourselves to have all the plastering completed in thirty days' labor or thirty working days. We are to be responsible for all losses and accidents until the plastering is all completed and received by the architect. All the payments during the progress of the work will be made on certificate of the architect, which will not exceed 66 per cent. of the amount of the work done at the time said certificate is given; the remainder of the amount will be paid when the work is completed and accepted by the architect. All the adamant plaster must be composed of the best and pure materials, the sand must be clean, sharp sand, and must be free from sodium and nitrate of soda; such sand as obtained from the bay or sand that has been washed by salt water will not be used. All the work must be first class and to the entire

satisfaction of the bank directors and the architect.   We agree to commence plastering as soon as the building will be ready for us, and we bind ourselves to complete the building in thirty working days.''

The plaintiff alleges that during the progress of the work under said contract, the defendant refused to allow it to proceed as it claimed the right to do, and that thereupon a supplemental contract was entered into between them in which it was agreed that the defendant should compensate the plaintiff for the increased cost of the work as required to be performed by the defendant over the cost of the work as contemplated by the contract as understood by the plaintiff.    Upon the trial of the issues framed in regard to such extra compensation, plaintiff introduced proof tending to establish the making of such supplemental contract, while the defendant introduced proof which substantially contradicted that of the plaintiff.    The direct proof upon this question on the part of the plaintiff was almost entirely made up of the testimony of one Holbrooke, its manager, and on the part of the defendant by the testimony of one Weatherred, its vice president.    Upon this conflicting testimony the lower court found the issue in favor of the defendant.    If this finding of the court was correct, its judgment must be affirmed.

It, therefore, becomes necessary for us to examine all of the proof offered by the respective parties, and by the aid thereof interpret the direct testimony as to this issue.    As a general rule this court, even in an equity case, will not disturb a finding of fact made by the lower court unless it seems clear that it has made a mistake in regard thereto. If, however, on an investigation of the case here it appears that the court below made a mistake in the law of the case as bearing upon the introduction of proofs, and that such mistake of law has in any manner contributed to its finding of the facts, such general rule will no longer have force,

and this court will enter upon an investigation of the facts upon all the proofs in the record as though it were a new question first presented here.    This makes it necessary for us to examine certain legal questions presented to the court relating to the construction of the written contract above set forth.    The plaintiff claimed, and offered to prove, that at the time of the execution of the said written contract there was an understanding and an agreement that the irregularities in the brick wall should be so far filled up and made plumb and straight with common lime mortar, that the application of the two coats of adamant for which the contract provided would make said walls straight and plumb.    If it were competent for the plaintiff to show this oral agreement, and it would have force as a part of the written contract, then the plaintiff was entitled to have proceeded to the completion of the work thereunder in the manner in which it was doing the same when interfered with by the defendant, and this fact would tend very strongly to establish the contention of the plaintiff that a supplemental contract had been entered into by which it was to receive additional compensation if it filled such irregularities in the brick wall entirely with adamant, as it is conceded that the substitution of adamant for lime mortar for such filling largely increased the total expense of the work.    In fact, if the original contract was qualified by the oral agreement entered into at the time it was executed as contended for by the plaintiff, it is so unreasonable to suppose that the plaintiff would have voluntarily made such filling entirely with adamant instead of partly with common lime mortar without some agreement on the part of defendant for additional compensation, that this court would feel bound to find with the plaintiff as to said alleged supplemental contract.

The whole question, then, must, in our opinion, turn upon the construction of the written contract above set

forth, and as to whether or not under the conditions thereof it was competent for the plaintiff to prove the alleged oral agreement in explanation of its terms, and have such oral agreement given force as explanatory, and in aid of said written contract.    The particular clause of such contract which it is necessary for us to interpret in coming to a decision as to these questions is this: "The brick walls will receive two coats of adamant plaster, and will be made straight and plumb."    It is contended upon the part of the plaintiff that the language of this clause is ambiguous and uncertain, and that for that reason it is competent for it to introduce proofs to show the full understanding of the parties at the time of the execution of said contract.    On the other hand, it is contended upon the part of the defendant that said clause is certain, and that all agreements and understandings between the parties before and at the time of the execution of the contract had been merged therein, and that no oral proof in regard thereto could be introduced.

To properly determine this question the court must, so far as possible, put itself in the situation of the parties and come to as full an understanding of the subject matter of the contract as the parties must be supposed to have had at the time they entered into said contract.    The undisputed proofs introduced on the trial established the fact that the extreme thickness of two coats of adamant plaster was five-eighths of an inch, and that the irregularities in the average brick wall in buildings of the kind for which this plaster was contracted would be much greater than that, and that in this particular building such irregularities required plastering of the thickness, in some places, of two or three inches in order to make the same straight and plumb.    These facts must be supposed to have been known to the parties at the time they entered into the contract. And we must interpret the language of the clause under

consideration in the light of such knowledge. So inter-
preted, it ·becomes perfectly clear that the two coats of
adamant plaster therein provided for could not in them-
selves make the finished walls straight and plumb. So
that it becomes necessary to interpret the clause in the
light of the fact that the parties must have contemplated
something in addition to the two coats of adamant plaster
with which to make the walls straight and plumb. The
defendant contends that even although this be true, it must
be held under the terms of the contract, construed as a
whole, that the additional material necessary to make the
walls plumb should be adamant plaster. We are unable
to interpret the clause as thus contended for. When it is
conceded, as it is by the proofs in this case, that the par-
ties knew at the time such clause was drafted and agreed
to that two coats of adamant plaster could not be so ap-
plied as to make the walls straight and plumb, it must be
held that the parties intended that the greater irregularities
in the brick wall should be filled up before the application
of the two coats of adamant, and such filling having been
provided for, and the material which should be used not
having been specified, makes such clause ambiguous, and
opens the door for proof of the understanding of the par-
ties as to how such walls should be so filled up that the
two coats of adamant plaster when properly applied would
make them straight and plumb.

It follows that the proof offered by plaintiff to explain
said clause was competent, and enough found its way into
the record to satisfy us that at the time said contract was
entered into there was an understanding between the par-
ties that the filling required before the two coats of ada-
mant plaster should be applied was to be of common lime
mortar. But if we were not satisfied upon that subject we
should still be of the opinion that the decree could not
stand, as we think the court erred in excluding testimony

which tended to establish a custom thus to fill in irregularities in brick walls.　Of course proof of such custom could only be offered to explain the ambiguity of the contract. If the contract was clear and unequivocal in its terms, then it must control.　As we read the authorities cited on the part of the defendant they go no further than this.　As we understand the rule, any ambiguity appearing upon the face of the contract may be explained by proof of the understanding of the parties at the time such contract was made, or in the absence of any such understanding, by proof of any general or local custom existing in regard thereto which had been brought home to the knowledge of the parties at the time of the execution of the contract. Under this construction of the contract the proof introduced and offered by the plaintiff to explain the ambiguity existing therein was competent and must have force, and interpreting the testimony in relation to the supplemental contract in the light thereof we feel compelled to hold that the making thereof was established by the proofs.

For the error of the lower court in finding otherwise the judgment must be reversed.　Under our view of the contract, however, we are unable to determine from the proofs the amount of additional compensation to which the plaintiff is entitled.　As we interpret the contract, as explained by proof of the understanding of the parties, it was the plaintiff's duty thereunder to fill the irregularities in the brick wall ready for the adamant plaster with common lime mortar.　It follows that it would not be entitled to the entire cost of filling such irregularities with adamant, but only to the additional cost of such material and labor over the cost of material and labor which would have been necessary if such irregularities had been filled with lime mortar.　The proof seems to be reasonably satisfactory as to the total cost of filling such irregularities with adamant, but there is absolutely no proof as to what

would have been the cost of filling these irregularities with lime mortar. The plaintiff seems to have thought itself entitled to the entire cost of the labor and material in filling such irregularities with the adamant plaster, but as it was its duty to have filled the same with common lime mortar, it clearly is entitled to only the increased expense of putting in adamant over that of common lime mortar. Such being the state of the record we think we best subserve the rights of all parties concerned by reversing the judgment, and remanding the cause to the court below to take further proofs as to the extra cost to the plaintiff of filling the irregularities with adamant over that of filling with common lime mortar, and thereupon proceed to adjust the rights of the parties in accordance with this opinion.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.