[No. 9210.    Department One.    February 2, 1911.]

## LUCY A. JOHNSON et al., *Respondents*, v. ELIZABETH MAE RYAN et al., *Appellants*.[1]

PLEADING—OBJECTIONS—WAIVER. Where no demurrer is interposed to a complaint, it will be liberally construed and the cause determined by the proof, rather than by a strict construction of the pleadings.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD—FAILURE OF CONSIDERATION—EVIDENCE—SUFFICIENCY. There is sufficient evidence to warrant the rescission of an exchange of land for defendants' hotel, for fraud and partial failure of consideration, where it appears that the defendants greatly overstated the amount of the monthly receipts and removed a large amount of furniture included in the trade; an examination of the hotel not affecting plaintiffs' right to rescind for fraud as to the earnings.

[1]Reported in 112 Pac. 1114.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 9, 1910, upon findings in favor of the plaintiffs, in an action for cancellation. Affirmed.

*Grant A. Dentler*, for appellants.

*Frank S. Carroll* and *L. C. Whitney*, for respondents.

MOUNT, J.—This action was brought by the respondents to rescind a contract of sale and to set aside deeds conveying certain real estate to the appellants, on the alleged ground of fraud and deceit practiced upon the respondents by the appellants, and also on the ground of partial failure of consideration. The cause was tried to the court without a jury. Findings of fact were made in favor of the plaintiffs, and a decree was entered rescinding the contract and setting aside the deeds. The defendants have appealed.

It appears that the appellants were in possession of a building at No. 931-933, South C street, in Tacoma, under a lease for two years. This building was known as the American Hotel, and was conducted by appellants as a lodging and apartment house. In December, 1909, the parties to this action entered into negotiations for an exchange of certain real estate belonging to the respondents for the hotel property, which included the lease of the building, the furniture, and certain leases to lodgers therein. These negotiations resulted in an exchange which was concluded on December 23, 1909, when the respondents deeded their real estate to the appellants, and appellants surrendered possession of the hotel to respondents. The latter on January 6, 1910, brought this action to rescind the contract, upon allegations as follows:

"The said defendants fraudulently and unlawfully, knowingly and maliciously represented to these plaintiffs that said hotel was free from debt except $1,665, and that said furniture was of the value of $5,000; . . . that rent was paid to the first of January, 1910; that there was due from

roomers occupying said rooms sums aggregating $420,
. . . which these plaintiffs were to receive; that after the
agreement between said parties was made . . . the said
defendants fraudulently and unlawfully took from the said
rooms in said hotel, furniture to the amount of six or eight
hundred dollars; that said defendants fraudulently misrepre-
sented to these plaintiffs the condition of affairs in said hotel
regarding the payment of rent for the month of December,
1910, and that said defendants fraudulently and unlawfully
misrepresented to these plaintiffs the amount of the income of
said hotel, stating that the income would amount to $535 to
$560 every month; . . . that there is owing in back
rent on said premises the sum of $275; that these plaintiffs
were notified by the landlord to vacate said premises by reason
of the fact that the defendants had failed to pay their back
rent as required by said lease; that prior to the commencement
of this suit, these plaintiffs tendered to the defendants the
return of said American Hotel, including furniture, fixtures
and lease, but the same was refused by the defendants;
. . . that the plaintiffs relied and acted upon the false
and fraudulent representations of said defendants and were
thereby induced to enter into the above agreement."

These allegations of the complaint were denied by the ans-
wer of the defendants. The cause came on for trial, and the
defendants objected to the introduction of any evidence, upon
the ground that the complaint failed to state a cause of action.
This objection was denied, and at the close of the evidence,
the judge said:

"After carefully considering all the testimony in the case,
I believe that there was more than an overreaching of the
plaintiffs; that methods of misrepresentation and deceit were
employed in connection with the change of property of such
a character that the court as a matter of right and justice
should set the transfer aside; and this is further evidenced by
the circumstances of the removal by the defendants of a large
amount of furniture from the hotel."

The appellants now argue that the complaint is insuffi-
cient, because it does not allege that the false representations
related to existing material facts, or that the appellants

knew of such falsity, or that the respondents were ignorant of the falsity and believed the representations to be true, or that the respondents were damaged, or that there was any concealment from the respondents, or that they made no examination, or that there was any confidential relation existing between the parties.

In *Carey v. Hays*, 41 Wash. 580, 84 Pac. 581, we said:

"A more liberal construction will always be given to a pleading that is assailed after issue joined and trial had than will be when the sufficiency of the pleading is raised upon a demurrer."

And in *Walsh v. Meyer*, 40 Wash. 650, 82 Pac. 938, we said:

"It may be conceded that the complaint in this case is exceedingly meager, and we will not now decide upon its sufficiency if it had been challenged by demurrer. But this court will not scan a complaint too critically where there has been no demurrer interposed, but the case has been allowed to go to trial to the extent of settling the pleadings and creating the expense of a convocation of the witnesses, as we do not regard such a practice as commendable."

Under such conditions the cause of action is determined by the proof, rather than by a strict construction of the allegations of the complaint.

Appellants next argue that the facts proven are not sufficient to warrant the judgment. There was much conflict in the testimony as to representations which were made by the appellants to respondents. It appears from the testimony of the respondents that the appellants represented that the receipts amounted to from $535 to $560 per month, and that the business was constant. It also appears that the respondents took possession on January 23, 1909, and thereupon the receipts did not meet the representations, and within a few days thereafter it became apparent that the receipts and constancy of the business would not nearly reach the amount represented. The fact that the respondents examined the hotel was not sufficient to put them upon notice of the con-

stancy of the business, or the ordinary receipts thereof. Such facts, in the nature of things, must be known only to the appellants, and we think the respondents would be justified in relying upon the representations of appellants in that respect. The respondents also testified that the agreement was that all of the furniture and fixtures in the hotel on December 21, 1909, was to be delivered to them, with the exception of a piano, a music cabinet, and the personal wearing apparel of the appellants; that on the date possession was delivered, the appellants removed from the building some two or three dray loads of furniture without the knowledge of the respondents. The removal of this furniture apparently constituted the principal reason for a rescission of the contract. It is true that the evidence is conflicting upon the question whether the appellants removed furniture which was included in the sale, but the trial court found that they did so, and the weight of the testimony seems to be to that effect. The rule in such cases is:

"Where one of the parties to a contract of exchange of property has on his part fully performed the contract by conveying or delivering the thing which he agreed to give in exchange, upon the failure or refusal on the part of the other party to perform the contract he may affirm the contract and maintain an action at law for the value of the thing which he should have received or an action for damages for breach of contract; or he may sue in equity for specific performance. On the other hand he may rescind the contract and sue at law for the specific property with which he has parted, or the value thereof; or he may sue in equity for the rescission of the contract." 17 Cyc., page 836 *et seq.*          ,

The respondents in this case pursued the remedy of rescission, which was clearly proper. The furniture in the hotel was necessary to conduct the business. The respondents were entitled to all the furniture for which they bargained. A failure to deliver a part of the furniture was to that extent a failure of consideration, for which rescission was a proper remedy.

Upon the facts found, the court was justified in entering the decree appealed from. The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.