[No. 21993. *En Banc.* September 4, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Dan Kritnich, et al., Plaintiffs,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Fred H. Witt, Judge, Respondent.*[1]

[1]Reported in 280 Pac. 1.

*Edward M. Connelly* and *W. C. Donovan,* for relators.

*Charles W. Greenough* and *Frank Funkhouser,* for respondent.

PARKER, J.—By this certiorari proceeding, commenced in this court, relators, Kritnich and Kostich, seek review and correction of an alleged erroneous ruling of the superior court for Spokane county, in effect, threatening to proceed with the trial of a criminal case, in which they are jointly charged as defendants, pending in that court; which ruling of the court they insist is erroneous because of prior proceedings, amounting, in legal effect, to their acquittal of the charge against them.

Relators were, by information filed in the superior court for Spokane county, charged with being jointists, in that they unlawfully maintained a place in that county for the unlawful sale of intoxicating liquor. They pleaded not guilty. The case came regularly on for trial on June 6, 1929. A jury was then duly impaneled to try the case. The name of the first witness called for the prosecution was not in the list of the names of witnesses theretofore furnished by the prosecuting attorney to relators. This their counsel claimed to be a surprise to them, and, for that reason, objected to the witness testifying. The colloquy then occurring between counsel and the trial judge resulted in the judge discharging the jury and resetting the case for trial on June 10, 1929. This ruling manifestly was so made to the end that the witness could be called by the prosecution after a reasonable time following counsel for relators learning of the intention of the prosecuting attorney to call the witness for the state.

It is alleged in relators' petition for review, filed in this court, that they "have filed a plea of former jeopardy;" evidently meaning that they entered such plea

after the discharge of the jury and resetting the case for trial. We assume this allegation to be true, though the record brought here does not otherwise show such plea having been made by relators. It does not appear by the record before us that the trial court has made any ruling upon, or disposition of, relators' plea of former jeopardy, or even that such plea has been presented to the trial court or to a jury therein for disposition; the last ruling of the court, prior to the commencement of this certiorari proceeding in this court, being that of June 6, 1929, discharging the jury and resetting the case for trial.

■ ■ Our criminal procedure statute, subd. 3, Rem. Comp. Stat., § 2108, provides that "a former judgment of conviction or acquittal of the offense charged may be pleaded with or without the plea of not guilty." We have recognized that such a plea may be entered after a plea of not guilty. This, it seems plain, is the correct view, in any event, where the former jeopardy is claimed to have occurred after the entry of the plea of not guilty, as apparently is the claim here made. We have also held that "where both pleas are entered before the commencement of the trial the court may in its discretion direct that they be tried together." *State v. Elliott*, 69 Wash. 62, 124 Pac. 212.

Relators' plea of former jeopardy, as well as their pleas of not guilty, is yet to be tried and disposed of by the trial court. This, manifestly, is true, whether either or both of them shall be ultimately determined as a matter of law by the court or as a matter of fact by a jury. There is no order or judgment disposing of relators' plea of former jeopardy before us for review. If the issue tendered by relators' plea of former jeopardy is ultimately determined against them, they of course will have remedy by appeal for the correction of any error attending such determination.

We conclude that the relief here sought by relators must be denied and this proceeding dismissed. It is so ordered.

HOLCOMB, TOLMAN, FRENCH, MAIN, BEALS, FULLERTON, and MILLARD, JJ., concur.