HERBERT L. HACKNEY, RESPONDENT, v. MUTUAL THEATRE COMPANY AND KATHARINE McCLURG, DEFENDANTS, AND LEDIRK AMUSEMENT COMPANY, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided October 2, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *Gerald T. Foley.*

For the respondent, *Samuel Dreskin.*

The opinion of the court was delivered by

PARKER, J. The question for decision is whether the trial court erred in refusing a nonsuit or a direction of verdict for the appellant; and the determination of this depends upon whether there was any evidence to justify a jury in finding that an employe of appellant, named Battles, was within the scope of his employment in doing the negligent act which resulted in the injury to the plaintiff.

Said plaintiff attended a cinema show at the theatre owned by the Mutual company and leased by it to the Ledirk company, appellant. Next to the theatre was a store also owned by the Mutual company and leased by it to Miss McClurg. The theatre and store had separate cellars and separate heating apparatus therein, and there was a solid masonry wall between the two cellars. Access from the front sidewalk to the McClurg cellar was by a pair of iron doors of the usual type, forming part of the sidewalk when closed, and of course normally in that condition. It was dark when Mr. Hackney emerged from the theatre. He turned to his right and presently fell over one of the open iron doors, and struck the other, sustaining severe injuries, and brought this action. The court nonsuited as to the Mutual company, and that action is not before us. The jury found against Miss

McClurg, who, so far as appears, does not appeal, and against the Ledirk company whose appeal is before us.

The evidence showed, concededly beyond dispute, that the doors had been opened and left open by Battles in connection with his visit to the cellar to bank up Miss McClurg's furnace for the night. In doing that work he was obviously her servant, and the jury properly so found. In fact she paid him $5 per month for that service. But his general employment was as a servant for the Ledirk company. In that capacity (to quote the brief for respondent) his duties were those of doorman, footman, janitor and porter. He also did the cleaning of the Palace theatre (leased to the Ledirk concern) and any general maintenance work that was required to be done, and did take care of the said premises of the defendant-appellant between the hours of eight A. M. until eleven P. M. * * * It further appears that said Battles was at the time of the accident in the employ of the Ledirk Amusement Company during his working hours for them, and that he wore the theatre uniform at the time of the accident.

There seems to be some dispute as to whether the Ledirk company had knowledge of the fact that Battles was also attending to Miss McClurg's furnace in his working time at the theatre. On a motion to nonsuit or direct, this must be resolved in favor of the plaintiff.

But giving the plaintiff the benefit of all relevant matters of fact in dispute, we are unable to sustain a submission of the case to the jury. As we read the evidence, no inference is possible other than that Battles, perhaps with the consent of his general employers, perhaps without their knowledge, became, by agreement with Miss McClurg, her servant to the extent of looking after her furnace and entering and leaving her premises for that purpose. He himself testified, as plaintiff's witness, that she requested his services and agreed with him on the compensation to be paid. What he did for her was of no benefit, but rather a detriment, to the appellant, who received nothing for this outside service performed by him.

The evidence meets without contradiction the test laid

down in *Delaware, Lackawanna and Western Railroad Co.* v. *Hardy,* 59 *N. J. L.* 562, 565, of a servant having expressly transferred his services *pro hac vice* to a new master by agreement with the latter, and it lacks any scintilla of proof that Battles was accountable to the appellant as general employer for anything that he did for Miss McClurg. There should have been a nonsuit or a direction.

The judgment will be reversed to the end that a *venire dé novo* issue.