## THE STATE OF NEVADA, Appellant, v. HENRI FEINZILBER, Respondent.

No. 4186

March 29, 1960                                    350 P.2d 399

*Roger Foley,* Attorney General; *George M. Dickerson,* for office of District Attorney, Clark County, Las Vegas, for Appellant.

*John F. Mendoza,* of Las Vegas, for Respondent.

# OPINION

By the Court, PIKE, J.:

Appeal by the state from an order of the trial court granting defendant's motion to dismiss an information charging defendant with assault with intent to kill, on the ground that defendant had been once in jeopardy. Defendant had previously been acquitted, after a jury trial, on the charge of robbery of one Dorothy Cimino.

Counsel for the state and respondent, in the trial court stipulated that Feinzilber had been charged with robbery by force and violence, and found not guilty, and that the same evidence introduced in that case would be required at the trial of the defendant on the subsequent charge of assault with intent to kill charged in the second information.

The prosecution, on the robbery charge, alleged a violation of NRS 200.380, and on the subsequent assault with intent to kill a violation of NRS 200.400.

The charging portion of the information in the robbery case alleged that the defendant on December 13, 1957, "* * * did then and there willfully, unlawfully, and feloniously take personal property, to wit: A black purse containing approximately $100 lawful money of the United States, and personal effects, from the person of Dorothy Cimino by use of force and violence and against the will of the said Dorothy Cimino * * *." The corresponding portion of the information in the instant case charges that on the same date the defendant "* * * did then and there willfully, unlawfully, and feloniously assault Dorothy Cimino with a deadly weapon, to wit, a .38 Calibre Smith and Wesson revolver, with the intent to kill the said Dorothy Cimino."

The evidence at the robbery trial shows that at about 8 o'clock in the evening, December 13, 1957, Dorothy

Cimino was walking along the edge of the highway near Las Vegas, Nevada toward a bus stop. The highway was well traveled and lighted. She was accosted by a man who was the sole occupant of the automobile he was driving along the highway in the same direction that she was walking. He asked her if she wanted a ride. She accepted and entered the front seat of the car. In the ensuing conversation she told the driver that she wished to go to Las Vegas, a few miles distant in the direction they were traveling. However, after indicating to her that he was interested in feminine companionship, over her protests he made a U-turn and drove off in the opposite direction, away from Las Vegas. He ignored her protests and requests that he let her out of the car. She refused his suggestion that they stop at a hotel on the highway farther from Las Vegas. Over her protests, he then drove to an unlighted area off the highway. He asked the victim to sit closer to him and, upon her refusal, he stated that he had a gun, and proceeded to shoot her five times with the revolver. Later, four of the five bullets which struck her were recovered, two being removed from her body and two found within the car. After the shooting he demanded that she give him her purse, which she did. After receiving the purse containing the money, as referred to in the information filed in the robbery case, the man then beat her about the head with the .38-calibre revolver referred to in the assault with intent to kill information.

The victim testified that, after her assailant had shot her a number of times with the revolver, she heard it "click" and knew that it was empty. After that he demanded her purse and she gave it to him. Thereafter he beat her with the revolver, from which all the cartridges had been fired.

When defendant was arrested in Phoenix, Arizona the car was found in his possession, and blood of the same type as that of the victim and hair of the same color and characteristics as the victim's were found on clothing in his possession, the ownership of which he admitted. An expert witness in the field of ballistics testified that the two bullets removed by surgery from

the victim's body were fired from the same firearm as the two bullets found in the car. Defendant testified in his own behalf to the effect that he had loaned the automobile to a man hitchhiker during a period of about three hours while defendant was gambling in a Las Vegas casino, and denied being in the car when the shooting and beating took place, although the victim identified him as her assailant.

The state contends that the offense of robbery committed upon Dorothy Cimino was completed when the robber demanded and received her purse containing the money, and that the assault and beating about the head with the unloaded firearm was the assault with the intent to kill Dorothy Cimino charged in the instant information. Appellant also contends that the trial and acquittal of respondent on the robbery charge was not such a placing of respondent into jeopardy as to sanction the trial court's order of dismissal. In granting respondent's motion to dismiss, the trial court stated as its basis for such order its finding that the essential ingredients or elements of the assault with intent to kill charge were identical or substantially the same as with the former charge of robbery upon which respondent had been acquitted. Art. 1, sec. 8 of the Constitution of the State of Nevada reads in part: "No person shall be subject to be twice put in jeopardy for the same offense." NRS 169.170 provides, "No person can be subject to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted."

Counsel for respondent, in arguing the motion for dismissal before the trial court, had referred to the following Nevada statutes:

NRS 173.260, providing that different offenses may be charged in the same indictment as long as they are in separate counts and "* * * all relate to the same act, transaction or event * * *"; that the prosecution is not required to elect between such different offenses or counts in the information, but the defendant may be convicted of one of the offenses charged.

NRS 174.390, which provides that when the defendant

is convicted or acquitted or has once been placed in jeopardy upon an information, such conviction, acquittal or jeopardy is a bar to another information for the offense charged in the former, or "* * * for an offense necessarily included therein * * *."

NRS 175.455, which provides that the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged.

The trial court sustained defendant's contention that the charge of robbery by force and violence upon which defendant had been tried and acquitted, included the charge of assault with intent to kill. Accordingly, having found that Feinzilber had once been in jeopardy, it entered the order of dismissal which is before us on this appeal.

The elements of robbery appear in the following portion of NRS 200.380, where that offense is defined as, "* * * the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property * * *."

This court in State v. Marks, 15 Nev. 33, 37, outlined the elements of the charge of an assault with intent to kill as, " '* * * an unlawful attempt, coupled with a present ability, to kill another person under such circumstances as would constitute an unlawful killing, had the death of the person assaulted actually resulted.' " More briefly stated, robbery has as its elements the taking of the property of another from his person or presence through the application of force or fear. We do not find in the present charge of assault with intent to kill the essential element of the taking of property found in the offense of robbery. State v. Pappas, 39 Nev. 40, 41, 152 P. 571. However, it is urged by respondent that the robbery and the charged assault with intent to kill form part of the same "transaction", and authorities are presented in support of the propositions that double jeopardy is shown, either (1) when the offense upon which the accused has been placed in jeopardy is so related to the offense contained in the subsequent charge, regardless of how it may be denominated, that

the same evidence would be used to prove both offenses; and (2) acquittal on either one of the two charges, under the circumstances, would operate as a defense when pleaded in a prosecution on the other charge. In People v. Majors, 65 Cal. 138, 146, 3 P. 597, 603, it was held, "The two crimes, although committed at one time and by the same act [participation in a conspiracy to commit murder, which eventuated in the murder of two individuals rather than one] are entirely different in their elements, and the evidence required to convict in one case [is] very different from that essential to a conviction in the other."

In the robbery trial, the unlawful assault and beating with the unloaded pistol, with intent to kill Dorothy Cimino, administered to her after the shooting and taking of her money, was not an element of the robbery offense. The robbery would appear to have been complete when, after shooting the victim, her assailant demanded and had received her purse and money as the spoils of the robbery. Under the contention of appellant the additional assault and beating then administered to the victim substantiated the gravamen of the assault with intent to kill charge, and this was not a necessary element in the robbery charge. With this contention we are in agreement. People v. Bentley, 77 Cal. 7, 18 P. 799; Ex Parte Chapman, 43 Cal.2d 385, 273 P.2d 817. Here the essential elements of the two offenses are not the same, and the second is not an offense necessarily included in the first. The opinion of this court in State v. Holm, 55 Nev. 468, 471, 37 P.2d 821, 822, stated, "The term 'an offense necessarily included,' as used in section 10911 N.C.L., [now NRS 174.390] has been held to mean a lower degree of the crime charged or a minor offense of the same character, predicated upon the same act, but does not apply to a different act. State v. Gaimos, 53 Mont. 118, 162 P. 596." While all of the evidence may have been properly admitted in the robbery trial, it appears that the portion of the evidence prior to the assault with the empty pistol might have sufficed to prove the charge of robbery, and that the subsequent assault with the unloaded firearm, under the particular

circumstances, might be sufficient to sustain the charge of assault with intent to kill.

Cases cited by respondent may be distinguished. For example, Wilcox v. State, 74 Tenn. 571, 40 Am.Rep. 53, presented a situation where the appellants were first convicted of robbery and subsequently convicted of assault with intent to commit murder of the same person at the same time and place. There the court held that the assault or violence in the robbery case was an essential element or ingredient in that offense, as well as in the offense of assault with intent to commit murder. The appellate court stated that it "was one continuous transaction, in which defendants perpetrated a robbery, by violence, dangerously wounding the prosecutor * * *, and that having been punished for it in the robbery case, the appellant should not again be punished for the assault and violence."

Here, for the reasons indicated, while the beating charged to constitute the second offense took place at the same time and place as the shooting and robbery, we are of the opinion that the particular circumstances justify the conclusion that the beating, which was administered to the victim with the firearm after all the elements of the crime of robbery were complete, was a separate offense for the commission of which defendant here had not been once in jeopardy. Ex Parte Chapman, supra.

Respondent on appeal argues in effect that, by reason of his defense of alibi on the robbery charge, the jury's verdict acquitting him on that charge is res judicata as to the second charge. We find nothing in the record to substantiate this contention. Defendant was on trial before the jury on the charge of robbery. The fact that the jury returned a verdict of not guilty does not indicate that such verdict was based upon its recognition of, or giving credence to the defense of alibi. Just as persuasively it may be said that the jury was not satisfied that the prosecution had established each of the essential elements of the crime of robbery beyond a reasonable doubt. Under the present record the jury verdict

may be taken only as its finding of not guilty on that particular charge then before it, and was not res judicata to the assault with intent to kill charge. State v. Barton, 5 Wash.2d 234, 105 P.2d 63, 67.

Judgment reversed.

McNAMEE, C. J., and BADT, J., concur.