383 P.2d 602

STATE of Idaho, Plaintiff-Respondent,

v.

Rodger HALL, Defendant-Appellant,

and

Emmett M. Spencer, Defendant.

No. 9151.

Supreme Court of Idaho.

June 25, 1963.

Frank M. Rettig, Jerome, George R. Kneeland, Ketchum, for appellant.

Frank L. Benson, Atty. Gen., William E. Swope, Asst. Atty. Gen., Boise, Cecil D. Hobdey, Sp. Pros. Atty., Gooding, for respondent.

**66**

TAYLOR, Justice.

Defendant (appellant) Rodger Hall was acquitted of a charge of murder of the first degree by a verdict of the jury in Gooding county dated December 8, 1960. By the information the murder was charged as follows:

"* * * that the said Rodger Hall, one Emmett M. Spencer and the said Mary Katherine Hampton on or about the 24th day of August, 1959 at a point near Tuttle in the County of Gooding, State of Idaho then and there being did then and there willfully, unlawfully, knowingly, feloniously and with malice aforethought, while jointly and conspiratoriously engaged in the perpetration of the robbery of one John Hunt Jr. did murder and kill the said John Hunt Jr. with a .455 caliber revolver and the said defendants, then and there willfully, unlawfully, knowingly, feloniously and with their own deliberate premeditated malice did by shooting said revolver with intent to kill as aforesaid mortally wound him, the said John Hunt, Jr., a human being, from which mortal wound the said John Hunt Jr. on or about the 24th day of August, 1959, and did die; * * *"

Neither of the other defendants named in the foregoing information was brought to trial.

September 15, 1961, an information was filed in the district court in Gooding county charging Hall with robbery arising out of his participation in the transaction result-

ing in the death of John Hunt, Jr. To this information the defendant entered a plea of "Not guilty."

■ When the cause came on for trial on November 28, 1961, the defendant through his counsel interposed a plea of "Once in jeopardy." Defendant and his counsel consented that the trial proceed on both the plea of not guilty and the plea of once in jeopardy. At the close of the trial the jury returned a verdict against the defendant on his plea of once in jeopardy, and another verdict finding him guilty of the crime of robbery. Thereafter, defendant's motion for acquittal notwithstanding the verdict, and for a new trial was denied and judgment of conviction and imposition of penalty for the crime of robbery was entered.

This appeal is from the order denying defendant's motion and from the judgment.

The action of the court in trying both pleas before the same jury, and not affording defendant a separate trial on his plea of former jeopardy, is assigned as error. It is not necessary to determine whether the procedure followed by the court was erroneous. Any right defendant may have had to a prior and separate trial on his plea of former jeopardy was waived by defendant and his counsel. State v. Davis, 72 Idaho 115, 238 P.2d 450; Earle v. State, 194 Ind. 165, 142 N.E. 405.

■ Idaho Code, § 19–1712, provides:

"There are four kinds of pleas to an indictment. A plea of:

"1. Guilty.

"2. Not guilty.

"3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty.

"4. Once in jeopardy."

While defendant's plea was "once in jeopardy," the proof he presented to support the plea was a purported "former judgment of acquittal." Since a "former judgment of acquittal" may be pleaded with the plea of not guilty, defendant was not prejudiced by the joint trial of both issues. State ex rel. Kritnich v. Superior Court for Spokane County, (Wash.) 153 Wash. 612, 280 P. 1; State v. Elliott, 62 Wash. 62, 124 P. 212; State v. Dills, 210 N.C. 178, 185 S.E. 677.

By other assignments of error the defendant challenges the action of the court in failing to instruct the jury in consonance with his theory, that the robbery was the "same offense" as that charged in the murder information within the meaning of the constitutional prohibition against double jeopardy, Const. Art. 1, § 13; that the robbery charged in this case was an "included offense" in the murder charge within the meaning of I.C. §§ 19–1719 and 19–

2312; that he could have been convicted of robbery under the murder charge, and therefore the present prosecution is barred by the statute; and in failing to instruct the jury that the verdict and judgment in the murder case was "res judicata as to the facts surrounding the commission of the robbery in the instant case."

"Murder is the unlawful killing of a human being with malice aforethought." I.C. § 18–4001.

The degrees of murder are defined by I.C. § 18–4003 as follows:

"All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate arson, rape, robbery, burglary, kidnaping or mayhem, is murder of the first degree. All other kinds of murder are of the second degree."

■ In a charge of murder of the first degree, the allegation that the homicide was committed in the perpetration of, or attempt to perpetrate, one of the named felonies, may be relied upon by the state in lieu of the otherwise necessary allegation and proof of deliberation and premeditation, in order to show that the homicide was murder of the first degree. State v. Owen, 73 Idaho 394, 353 P.2d 203; State v. Reding, 52 Idaho 260, 13 P.2d 253; State v. Moore, 326 Mo. 1199, 33 S.W.2d 905.

■■ The allegation that the homicide occurred in the perpetration of a felony, does not charge the accused with the commission of the felony referred to, nor make it an offense included in the murder charge; it merely characterizes the murder as to degree. People v. Lytton, 257 N.Y. 310, 178 N.E. 290, 292, 79 A.L.R. 503; People ex rel. Santangelo v. Tutuska, 19 Misc.2d 308, 192 N.Y.S.2d 350, 355, affirmed 11 A.D.2d 906, 205 N.Y.S.2d 1006.

Robbery is defined by I.C. § 18–6501 as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

It is obvious from this definition that the murder information did not purport to charge defendant with the crime of robbery and it was insufficient for that purpose. I.C. § 19–1411; State v. Singh, 34 Idaho 742, 203 P. 1064; Matter of McLeod, 23 Idaho 257, 128 P. 1106, 43 L.R.A.,N.S., 813; State v. Brill, 21 Idaho 269, 121 P. 79. Issue was never joined between the state and defendant on the charge of robbery as such, and defendant could not have been convicted of robbery under that information. Application of Hess, 45 Cal. 2d 171, 288 P.2d 5.

■ The statutes relating to included offenses are as follows:

"When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment, the conviction, acquittal or jeopardy is a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense included therein, of which he might have been convicted under that indictment." I.C. § 19–1719.

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." I.C. § 19–2312.

An "included offense" is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are, charged in the information as the manner or means by which the offense was committed. State v. Anderson, 82 Idaho 293, 352 P.2d 972; State v. Petty, 73 Idaho 136, 248 P.2d 218; State v. Craner, 60 Idaho 620, 94 P.2d 1081; People v. Greer, 30 Cal.2d 589, 184 P.2d 512; Application of Hess, 45 Cal.2d 171, 288 P.2d 5.

■ The crime of murder may be committed without the commission of any of the felonies named in the statute, and the allegation that the homicide was committed while its perpetrators were engaged in a robbery does not charge that the robbery was the manner or means by which the murder was accomplished. The murder was charged to have been committed by means of a gun. The robbery was alleged only as a condition or circumstance characterizing the murder as first degree. The robbery was not an "included offense" in the murder charge. It is clear from the statutory definitions, supra, that murder and robbery are separate, distinct and independent crimes. Neither is the "same offense" as the other, within the constitutional provision against double jeopardy, and a prosecution for one does not bar a subsequent prosecution for the other on that ground. State v. McDonald (Or.) 365 P.2d 494; State v. LaPorte (Wash.) 365 P.2d 24; State v. Feinzilber (Nev.) 350 P.2d 399; People v. Candelaria, 153 Cal. App.2d 879, 315 P.2d 386; People v. Owens, 117 Cal.App.2d 121, 255 P.2d 114; Rodriguez v. Superior Court, 27 Cal.2d 500, 165 P.2d 1; Collins v. State (Okl.Cr.App.) 106 P.2d 273; People v. Warren, 16 Cal.2d 103, 104 P.2d 1024; People v. Bruno, 140 Cal.App. 460, 35 P.2d 391 (hearing denied); Orcutt v. State, 52 Okl.Cr. 217, 3 P.2d 912; State v. Ragan, 123 Kan. 399, 256 P. 169; State v. Elliott, 62 Wash. 62, 124 P. 212; State v. Garcia (Iowa) 198 Iowa 744, 200 N.W. 201; State v. Caddy, 15 S.D. 167, 87 N.W. 927; People v. Roderman (Co.Ct.) 34 Misc.2d 497, 229 N.Y.S.2d 209; People

v. DeSisto (Co.Ct.) 27 Misc.2d 217, 214 N.Y.S.2d 858, see cases collected appendixes B, D, and E; State v. Orth, 106 Ohio App. 35, 153 N.E.2d 394; Commonwealth v. Comber, 374 Pa. 570, 97 A.2d 343, 37 A.L.R.2d 1058; Hunt v. Commonwealth (Ky.) 338 S.W.2d 912; Burton v. State, 226 Miss. 31, 79 So.2d 242; Hoag v. State, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, reh. den. 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375, Annotation 37 A.L.R.2d 1068; Annotation 44 A.L.R. 564; 22 C.J.S. Criminal Law § 295(5); 15 Am.Jur., Criminal Law, §§ 389, 392.

"To entitle accused to plead successfully former jeopardy, the offenses charged in the two prosecutions must be the same, or precisely the same, or identical in law and in fact; the plea will be vicious if the offenses charged in the two indictments are distinct in point of law, however nearly or closely they may be connected in point of fact or of time, place, or circumstance, or when one offense is committed the more effectually to carry out the other. Double jeopardy will not lie unless all of the elements of the one crime are included in the other; it is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same.

"The test is the identity of the offenses, and not the identity of the occurrences or facts out of which they arise; it is not whether accused has already been tried for the same act, but whether he has been put in jeopardy for the same offense. So, it is held that the term 'same offense' does not mean the same act or transaction; * * *." 22 C.J.S. Criminal Law § 278(1), pp. 715, 716, 717.

In Centers v. Commonwealth (Ky.) 318 S.W.2d 57, the defendants were convicted of armed robbery. Thereafter the victim died of wounds inflicted during the robbery and they were convicted of murder. The Kentucky court upheld the conviction as against a plea of former jeopardy and, quoting from Medlock v. Commonwealth, 216 Ky. 718, 288 S.W. 670, said:

" 'If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient, if believed by the jury, to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar. But if the facts, which will convit on the second prosecution, would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in

the same transaction.'" 318 S.W.2d at 58.

In State v. Calvo, 240 La. 75, 121 So.2d 244, the defendants were acquitted on a charge of murder, and thereafter were prosecuted for robbery and conspiracy arising out of the same transaction. In overruling the plea of former jeopardy the Louisiana court said:

"The offense of criminal conspiracy and that of simple robbery are separate and distinct crimes from the offense of murder as defined, supra. The facts justifying the charge of criminal conspiracy and that of simple robbery are quite distinct from the facts warranting the charge of murder. Manifestly, they are not identical nor do the former two crimes constitute a grade of the offense of murder. Conspiracy and simple robbery are independent offenses from that of murder; and it cannot be justifiably asserted that the former constitute a graduated lesser crime to that of the greater crime of murder. Hence, it is obvious that there is no substantial identity of the crimes to justify the support of the plea of autrefois acquit." 121 So.2d at 249–250.

In Duvall v. State, 111 Ohio St. 657, 146 N.E. 90, the defendant was acquitted of a charge of murder while attempting to commit robbery. The law of the case is set out in the syllabi as follows:

"An acquittal of a defendant upon the charge of murder in the first degree, while attempting to perpetrate a robbery (under section 12400, General Code), is not a bar to a prosecution for the crime of robbery (under section 12432, General Code), even though committed upon the same person named in the former charge, and the robbery was a part of the same criminal act referred to in the indictment for murder." 146 N.E. 90.

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact." 146 N.E. 90.

In Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489, the Supreme Court of the United States quoted

with approval from Morey v. Commonwealth, 108 Mass. 433, as follows:

" 'A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. at 490.

The above is followed in Blockberger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

In Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 the Supreme Court upheld the Oklahoma Criminal Court of Appeals in a case in which the petitioner was convicted of murder, sentenced to life imprisonment, and thereafter (on a plea of guilty to a charge of kidnapping the murder victim) was sentenced to death. The court said:

"And in view of the obvious fact that, under the law of Oklahoma, kidnaping is a separate crime, entirely distinct from the crime of murder, the court's consideration of the murder as a circumstance involved in the kidnaping crime cannot be said to have resulted in punishing petitioner a second time for the same offense, nor to have denied to him due process of law in violation of the Fourteenth Amendment." 358 U.S. 576, 79 S.Ct. at 427, 3 L.Ed.2d at 523.

In State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, after plea of guilty and sentence for murder, the defendant was prosecuted for a robbery arising out of the same transaction. The court held that double jeopardy was not involved, and said:

"We reiterate that our Constitution and the common law proscribe a second jeopardy for the same offense. Murder and robbery are not and cannot be the same offense. It may be that during the same transaction both offenses are committed, yet they remain separate and distinct offenses and are not the same offense. It may be that on a trial for either offense evidence as to the other offense is admissible as a part of the res gestae, but this does not constitute them the same offense. Distinct and separate offenses are not to be held merged be-

cause they happen to grow out of the same transaction." 33 S.W.2d at 907.

In People ex rel. Santangelo v. Tutuska (N.Y.) 19 Misc.2d 308, 192 N.Y.S.2d 350, affirmed 11 A.D.2d 906, 205 N.Y.S.2d 1006, the defendant had previously been acquitted of a charge of murder of the first degree. In habeas corpus proceedings the court held that the defendant was not subjected to double jeopardy when he was thereafter prosecuted for burglary of the victim's home and robbery of the victim, committed at the time of the alleged murder. The court said:

"Though in a felony murder case, all of the ingredients of the underlying felony must be proved (People v. Marendi, 213 N.Y. 600, 611, 107 N. E. 1058, 1061), the defendant in such a homicide case could not, as above shown, be convicted of an independent underlying felony. The petitioner, since he could not upon the prior trial be convicted of the felonies charged in the present indictment, has not been placed in jeopardy as to such felonies and the State is not precluded from prosecuting the petitioner for these crimes. These felonies were not required to be charged or mentioned in the first degree murder indictment and they were not as noted charged or mentioned therein. Obviously, the defendant-petitioner could not be tried for crimes not charged in the indictment. Clearly the double jeopardy prohibition in § 6, Article 1 of the New York Constitution has no application here. For the same reason, the trial of the petitioner under the present indictment for the felonies will not be a 'prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted' (Code of Criminal Procedure, § 9) for the defendant-petitioner has been tried only for the crime of murder in the first degree. The same reasons hold true as to § 1938 of the Penal Law which provides that a criminal act or omission prohibited under more than one provision of law may not be punished under more than one provision of law, and that 'a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.' The petitioner was not acquitted of the felonies charged in the present indictment. He was, as above stated, acquitted only of the crime of murder in the first degree charged in that indictment." 192 N.Y.S.2d at 356.

In that case the New York court referred to a New York statute, the same in effect as our I.C. § 18–301, forbidding more than one punishment for an "act or omission" made punishable under different provisions of the law.

In People v. Florio, 301 N.Y. 46, 92 N.E.2d 881, 17 A.L.R.2d 993, the New York court of appeals upheld convictions of kidnapping, rape, assault, and abduction. In the annotation following that case, the annotator states the rules deduced from the decisions as follows:

"Prosecutions of a person for separate offenses based upon the same transaction do not involve double jeopardy where there are distinct elements in one offense which are not included in the other.

\*　　\*　　\*　　\*　　\*　　\*

"In most of the cases where the problem has arisen as to the separability of crimes of violence, such as rape or robbery, and the crime of kidnapping committed in connection therewith, the courts have concluded that the offenses are distinct, and have upheld more than one conviction." 17 A.L.R.2d at 1003.

"The courts have uniformly held that the seizure or detention of a victim for the purpose of committing rape or robbery constitutes the separate crime of kidnapping, so that a prosecution for one offense will not bar a subsequent prosecution for the other under the doctrine of double jeopardy, which forbids any person from being twice put in jeopardy of life or liberty for the same offense." 17 A.L.R.2d at 1006.

In People v. Coltrin (Cal.) 55 P.2d 1161, the Supreme Court of California held that prosecutions for murder and abortion arising out of the same transaction did not subject the defendant to double jeopardy.

"Accused, who was acquitted of charge of murder in first degree while engaged in committing, attempting to commit, or in withdrawing from the scene of a robbery, was not placed in 'second jeopardy' by subsequent prosecution for robbery based upon the same acts and transactions, since the crimes of murder and robbery are not substantially identical and the crime of murder in the first degree while engaged in committing, attempting to commit or in withdrawing from the scene of a robbery does not include the crime of robbery so as to bar subsequent prosecution for robbery." State v. Barton, 5 Wash. 234, 105 P.2d 63.

Our statutory provision against double jeopardy is as follows:

"An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and · sentence

under either one bars a prosecution for the same act or omission under any other." I.C. § 18–301.

We have said that this statute enlarges the scope of the constitutional provision against double jeopardy in that it prohibits double punishment "for the same act or omission" and is not limited to the "same offense." State v. Randolph, 61 Idaho 456, 102 P.2d 913.

■ Giving the statute its broadest possible application, it is not a bar to the present prosecution for robbery because both the robbery and the murder did not arise out of the same "act or omission." The act of taking property from the deceased, by means of force or fear, was separate and distinct from the act of firing the shots which killed him. . From defendant's own testimony the pertinent facts are substantially as follows: Upon a highway, defendant's companion, Spencer, flagged deceased to a stop with a road map, ostensibly to make inquiry as to routes or directions, and using a gun, gained access to deceased's automobile and compelled him to drive off the highway into a field. Defendant Hall parked the car, in which the three companions had been traveling, on the shoulder of the road and proceeded on foot up to the driver's side of the victim's car. Whereupon, Spencer ordered the victim to hand his billfold to Hall, which he did. Hall there-

upon started back toward the car on the road. While doing so he heard a shot emanating from the car of the victim. He ran back and inquired of Spencer what he thought he was doing. Whereupon Spencer, pointing the gun toward Hall, told him to "shut up," and to follow the victim's car. Spencer then drove the Hunt automobile, with the wounded man on the right side of the front seat, along the highway and off onto a dirt road. There Hunt's possessions were transferred from his car to the defendant's car. Thereafter the victim's car was driven into a sagebrush area where it was abandoned with Hunt's body inside. What occurred at the place of the third stop was excluded from the evidence in this case on objection of defendant. However, it appears from the testimony of the pathologist, who performed an autopsy on the body of John Hunt, Jr., that he had been shot twice, and that the first shot had not killed him.

From these facts it could be concluded that the robbery had been completed before the murder was committed. Thus, the act of robbery and the act of murder were not the same act and this is true even though, as we said in State v. Owen, 73 Idaho 394, 253 P.2d 203, that "a homicide committed by a would-be robber in attempting to effect an escape, and occurring on the premises, or immediately following the attempted robbery, is re-

garded as having been committed in the course of the robbery or attempt to commit robbery." That rule means only that the robbery continues to characterize the murder as first degree, though committed during, or for the purpose of, an escape. In this case it does not appear that the murder was committed for the purpose of aiding an escape. However, assuming that it was, nonetheless, the act of robbery and the act of murder were separate acts and severally punishable as such. State v. Randolph, 61 Idaho 456, 102 P.2d 913; State v. LaPorte (Wash.) 365 P.2d 24; State v. Feinzilber (Nev.) 350 P.2d 399; People v. Scarborough, 171 Cal.App.2d 186, 340 P.2d 76 (hearing denied); People v. Candelaris, 153 Cal.App.2d 879, 315 P.2d 386; People v. Thompson, 133 Cal.App.2d 4, 284 P.2d 39 (hearing denied); Ex Parte Chapman, 43 Cal.App.2d 385, 273 P.2d 817; People v. Chessman, 38 Cal.2d 166, 238 P.2d 1001; People v. Warren, 16 Cal.2d 103, 104 P.2d 1024; People v. Coltrin, 5 Cal.2d 649, 55 P.2d 1161; State v. Empey, 65 Utah 609, 239 P. 25, 44 A.L.R. 558; People ex rel. Santangelo v. Tutuska (N.Y.) 19 Misc.2d 308, 192 N.Y.S.2d 350, aff'd 11 A.D.2d 906, 205 N.Y.S.2d 1006.

This is not a case where the felony and the homicide were both committed by the same act, as was the case in State v. Cooper (N.J.) 113 N.J.L. 361, 25 Am. Dec. 490, cited by defendant. There the accused set fire to a dwelling and an occupant was killed by the fire. The court held accused could not be prosecuted for both the arson and the murder. By the identical act both crimes were committed. To like effect is People v. Knowles, 35 Cal.2d 175, 217 P.2d 1.

In State v. Feinzilber (Nev.) 350 P.2d 399, the defendant, after inducing a woman to accept a ride in his car, drove to an unlighted area. When she refused to accede to his demands he shot her five times with a pistol, after which he demanded her purse, and she gave it to him. Thereafter he beat her about the head with the empty revolver. Defendant was acquitted on a trial for robbery. On his subsequent trial on a charge of assault with intent to kill, he plead double jeopardy and res judicata. The action was dismissed on the ground of former jeopardy. The Supreme Court held against defendant on both double jeopardy and res judicata and said:

"In the robbery trial, the unlawful assault and beating with the unloaded pistol, with intent to kill Dorothy Cimino, administered to her after the shooting and taking of her money, was not an element of the robbery offense. The robbery would appear to have been complete when, after shooting the victim, her assailant demanded and had received her purse and money as the spoils of the robbery. Under the contention of ap-

pellant the additional assault and beating then administered to the victim substantiated the gravamen of the assault with intent to kill charge, and this was not a necessary element in the robbery charge." 350 P.2d 402.

In People v. Warren, 16 Cal.2d 103, 104 P.2d 1024, the applicable California statutes are set out. Pen.Code § 1023 is the same as our § 19–1719, supra, and Pen. Code § 654 is the same as our § 18–301, supra. The California Supreme Court quoted and said:

" ' "A single act may be an offense against two statutes; and if one statute necessitates proof of a different circumstance or element from that which the other requires, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. * * * Undoubtedly it is within the power of the legislature to create two or more offenses which may be committed by a single act, each of which is punishable by itself. A conviction or acquittal in such case under either statute would be no bar to a conviction under the other, for the accused would not be twice in jeopardy for one offense, but only once in jeopardy for each offense." (15 Am.Jur. p. 67.) In the case of People v. Bently, 77 Cal. 7 [18 P. 799, 11 Am.St.Rep. 225],

it was held that a conviction of an assault with a deadly weapon, under an information charging an assault with intent to commit murder, is not a bar to a subsequent conviction of an attempt to commit robbery, although the offenses were so closely connected in point of time that it is impossible to separate the evidence relating to them.' " 104 P.2d at 1028.

In People v. Thompson, 133 Cal.App.2d 4, 284 P.2d 39 (hearing denied) convictions of kidnapping, robbery, and burglary arising out of the same criminal venture, were upheld. The court said:

"Appellant urges that under Section 654 Penal Code he cannot be punished for both robbery and kidnapping for the purpose of robbery because there are two different ways in which the same act has been made punishable. However, as said before, there are here two acts, the transportation of Brennan at gun point in his own car for the purpose of committing robbery in a darker place, which constitutes the kidnapping, and the taking of his wallet and key at gun point, which constitutes the robbery. Multiple convictions are correct when separate and divisible acts have been proved as the basis of each conviction, even though those acts were closely connected in time and were part of the

same criminal venture." 284 P.2d at 43.

■ Defendant's assignment raising the issue of res judicata is without merit. That issue was not raised or urged in the trial court and was, therefore, waived. Gerken v. Davidson Grocery Co., 57 Idaho 670, 69 P.2d 122; Burton v. Bayly, 50 Idaho 707, 300 P. 359; Kralick v. Shuttleworth, 49 Idaho 424, 289 P. 74; People v. DeSisto (Co.Ct.) 27 Misc.2d 217, 214 N.Y.S. 2d 858; Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763; 4 C.J.S. Appeal and Error § 233k. See also: State v. Davis, 72 Idaho 115, 238 P.2d 450; Ex Parte Zeligson, Okl.Cr.App., 287 P. 731; Earle v. State, 194 Ind. 165, 142 N.E. 405; 61 A.L.R.2d 1154.

■ Furthermore, the issues of fact, determined by the verdict of not guilty in the murder case, were those ultimate facts essential to that verdict. The jury could have found defendant not guilty of murder even though the jurors may have believed he was a party to the robbery. State v. Barton, 5 Wash. 234, 105 P.2d 63; Duvall v. State, 111 Ohio St. 657, 146 N.E. 90; People v. DeSisto (Co.Ct.) 27 Misc.2d 217, 214 N.Y.S.2d 858; Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064; 1 L.Ed.2d 1356.

In State v. Barton the defendant was acquitted of murder and later prosecuted upon a charge of robbery of the victim. Concerning the defense of res judicata, the court said:

"* * * It is not possible to determine whether the jurors returned a verdict of acquittal because they credited the testimony in support of appellant's alibi, or for the reason that they found the state's evidence insufficient as to one or more essential elements of the offense charged. They could have utterly disregarded all of the testimony adduced by the appellant in his defense and yet have returned a verdict of not guilty. The verdict and the judgment based thereon were not, therefore, res judicata as to appellant's alibi, nor as to any other particular fact. They were res judicata only as to the ultimate fact that appellant was not guilty of the crime of which he was accused." (See cases cited) 105 P.2d at 67.

Judgment affirmed.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.